NULAN M. CHASE, Appellant, *vs.* NORTH & CARLL, Respondents.

APPEAL FROM THE DISTRICT COURT OF RICE COUNTY.

Under the (old) Garnishee Law, (*Statutes of Minn. p.* 659, *Chap.* 80,) the party calling the garnishee takes his answers at his own risk, and is bound by them. He cannot contradict the garnishee, and if other testimony is taken, it must be in corroboration of the garnishee. The proceeding is only available to reach such property or debts as the garnishee shall admit himself to hold for or owe to the debtor. And if the facts disclosed leave reasonable doubt as to whether he is owing the principal debtor, or has property in his hands belonging to him, judgment should be rendered in favor of the garnishee.

Points and authorities for the Respondent:

*First.*—1. The court below erred in allowing the motion for trial by jury, in making the order allowing the same, and admitting evidence other than the disclosure of the Garnishee, and in not rendering judgment upon the *disclosure alone.* *Comp. Stat.* 659, 660–1–2–3; *ibid* 562, Sec. 41; *U. S. vs. Langton,* 5 *Mason,* 280; *Baker vs. Taber et al,* 4 *Mass.* 81; *Stackpole vs. Newman,* 4 *Mass.* 84, 85 and 86; *Howes vs. Langton,* 8 *Pick.* 67, 89; *Comstock vs. Farnham,* 2 *Mass.* 96, *and note;* *Henshen et al vs. Moore et al,* 11 *Mass.* 91; *Hatch. vs. Smith and Trustees,* 5 *Mass.* 48; *Whitman vs. Hunt & Fish,* 4 *Mass.* 72; *Kelley vs. Bowman and Trustees,* 12 *Pick.* 383; *Willard vs. Sturtevant et al,* 7 *Pick.* 194; *Davis & Owens, vs. Paulette,* 3 *Wis.* 306; *Drake on Attachments, Sec.* 652.

2. The court below erred in overruling the motion made by the Attorneys for garnishees, made when this action was called for trial in the April term in Rice County, and again in allowing the introduction of evidence outside of, contradictory and collateral to the answer of the garnishee. *See authorities cited in first point; also* 1 *Whit. Prac. pp.* 175 *and* 204; *Crosman vs. Crosman,* 21 *Pick.* 25.

3. The garnishee summoned, "*stands in the character of a witness, and in relation to the Plaintiff as his own witness and he cannot be impeached or contradicted.*" *Drake on Attachment, Sec.* 652; *Crosman vs. Crosman,* 21 *Pick.* 25.

48

H. C. Lowell & Co., Counsel for Appellant.

L. & S. Smith, and Batchelder & Buckham, Counsel for Respondents.

*By the Court.*—Flandrau, J. The garnishees, North & Carll, were summoned and appeared before the court below and made disclosure concerning their indebtedness to the Defendant in the principal suit. In the course of their disclosure they testified to transfers of property from the debtor to them, which transfers the Plaintiff believing to be fraudulent, desired to contest. He thereupon moved the court to allow him to make up an issue on the validity of the same, and have the question determined by a jury. The court granted the motion and allowed him to file a complaint against the garnishees, and ordered them to put in an answer to the same. The garnishees protested against the power of the court to order such an issue to be made up, and insisted that they must be tried upon their disclosure alone. They were, however, compelled to plead to the complaint, and did so. The issue so made up was tried by a jury and a verdict rendered for the garnishees, upon which judgment was entered in their favor. From this the Plaintiff appeals to this court. The garnishees insist here that the whole proceeding below subsequent to their disclosure, was unauthorized by the statute, and void, and ask this court to set it aside.

The garnishee act of this State, found on *page* 659, *Chapter* 80 *of the Compiled Statutes*, is very imperfect in its provisions, and evidently framed from parts of several other statutes, without much regard to harmony of the whole. There are some uncertain allusions in several of the sections about trial by jury, but no manner is pointed out by which such a trial can be had. There are also some indications that witnesses other than the garnishees may be sworn, but for what purposes or to what extent the testimony may be taken, does not satisfactorily appear. We are therefore of the opinion, that under this act, the party calling the garnishee takes his answers at his own risk, and is bound by them. He becomes the Plaintiff's own witness, and he cannot contradict him. If any other

Chase *v.* North & Carll.

testimony is taken, it must be in corroboration of the garnishee. It cannot be allowed under a statute which makes no provision for calling in parties other than the garnishee, to litigate matters which involve the rights and interests of others. The proceedings are only available to reach such property or debts as the garnishee shall clearly admit himself to hold for or owe to the debtor. If the facts disclosed leave reasonable doubt as to whether he is owing the principal debtor, or has property in his hands belonging to him, judgment should be rendered in favor of the garnishee. *Banning vs. Sibley*, 3 *Minn.* 389; *Pioneer Printing Company vs. Sanborn, French and Lund*, 3 *Minn. R.* 413.

Under the views above stated, we are of opinion that all the proceedings against the garnishees after the taking of their disclosure, were without authority of law, and should be set aside and the case remanded to the court below for such proceedings as to that court may seem proper. So ordered.